Judge Rowan
delivered the opinion of the court.
This was an action on the casé, brought by appellee against appellant, in the court below, to recover the amount of a check upon the branch bank of Louisville, the property of the appellee’s intéstate, to the use of said intestate. Upon the trial of the cause, the court, at the instance of *577 Hie appellee, instructed the jury that they were at liberty to give interest upon the appellee’s demand, if they chose, which instruction of the court is alledgedto be erroneous, in the only error assigned by appellant in this court.
Interest should be al-lwrd o.i all liquidated demands, whether tested by writing or not.
In England, interest was allowed as matter of course, Upon ail specific sums, the claim to which was evidenced by a writing under seal. Upon the allowance of interest, in cases vvhere the sum was as specific, and had been liquidated but evidenced by simple contract, there was a great diversity of. opinion. It was sometimes allowed and sometimes disallowed. The judges differed in opinion, and it was given or refused, according to the notion of the judge who presided, and under whose direction the jury found. But this diversity of judicial opinion, was more frequent at an early period in that country than it has been in modern times; when they were governed more by tbeir senses titan their intellect; when they were more influenced by their veneration for a sen!, Which, on many occasions, they carried to a superstitious length, than by the just reasons upon which interest should or should not be allowed.— When interest was given rather as an homage of respect to the mysteriously impressed wax, than to the creditor as a premium for bis forbearance. Whether the unaccountable reverence which was entertained at an early period for a seal, resulted from its resemblance in figure and consistency, to the wafer in the eucharist, is now a matter of curious, rather than useful enquiry. The commerce of that country, as it advanced, brightened the public mind, and directed it from the seal and its representative scroll, to principle, as the true criterion of decision. But this advance to principle was, as might be expected, gradual.— Bills of exchange and promisory notes asserted, timidly at first, but repeated!}', and with various success, their claim to interest; their claim was at length fully acknowledged, and interest allowed them. They had no sooner succeeded, than it would seem, they conspired with the sealed instruments (by which they had been so long overshadowed) to conceal the true principle of their success; and assert their claim upon the ground of their being written evidences of debt. By this conspiracy, debts by parol have been frequently and unjustly defrauded. If interest be a liquidated sum allowed by statute for the forbearauce of a larger liquidated sum, the former deriving its specific amount from the liquidated character of ths latter, and the defined *578 period of forbearance; can there be, in reason, any difTepr cnce between the claim to interest, for the forbearance of á liquidated sum, for a given period, evidenced bv writing under seal, and the like claim, for a like sum, for the same period, evidenced by writing, not under seal, or proved by parol? If a man should lend two sums of $ 1000 each, the one to A and the other to B, for one year; from A he takes a bond or note for the amount; from B he takes his-loord only; — why, in reason, should he recover from A $1060, and from B only $1000? The two sums were of equal value; lie was deprived of the use of both during the same period; he sustained the same damage in each case. If it is just to give the $60 in the one case, is it not as just to give in the other? If reason or conscience or feeling be consulted, the answer will be the same — that it is right in both cases', or in neither. The paper with or without the seal, is ho more than the evidence of the amount due; evidence is only used to produce conviction upon the mind of the existence of facts; parol evidence will produce the same conviction; and when the same conviction is produced, the result should be the same, regardleás of the character of the evidence by which it was produced. I do not pay you money, because you have my bond or note for it; hut because I owe it to you, and fhe bond or note is not the debt, it is only the evidence of the debt — and l am as much bound to pay if I owe it, if you have not my bond or note, as if you have; and I am as much benefitted and you as much injured, by forbearance in the one case as the other. The true principle upon which the jury may or may Hot find interest upon a monied claim by parol, may be as-curtained by enquiring whether the claim, if it were evidenced by a specialty, would carry interest. If it would, the jury may, and ought, in conscience, to allow interest. It is only upon a liquidated sum, evidenced by writing, that interest accrues as matter of law. Upon every such sum, due by parol, the jury may allow interest. The ease in 3d Bibb, 326-7, was a quantum meruit for work and labor, in which interest was refused. It does not contravene the principle above laid down, nor does the common case upon a merchant’s account — they are both unliquidated claims — as-Pertained and liquidated, then only, by the verdict for the first time, and after that., by our statute, interest runs. The allowance of interest is juris positivi, and predicated in its statutory creation upon the principle of liquidation. Its *579 calculation, as matter of course, is, to be sure, confined by Statute to debts evidenced by writing, but there is no stat-utcry inhibition of its allowance by juries upon liquidated claims in the character of damages. It is now usually allowed in all such cases: — See 2d Bur. 1085.
B. Hardin for appellant, Pope for appellee.
The judgment of the court below must be affirmed with yosts and damages.